UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY JAMES COKLEY,

    Plaintiff,

v.                                     Case No.:  2:23-cv-465-SPC-NPM

RICKY DIXON *et al.*,

    Defendants.
                                 /

## **OPINION AND ORDER**

      Before the Court are Defendants' motions to dismiss (Docs. 44, 47, and 54). Cokley's only response to the motions is a document titled, "Amended Civil Action Complaint" (Doc. 53). Cokley clearly did not intend the 2-page document to supersede his original Complaint, and he did not comply with the procedural requirements for amended and supplemental pleadings. *See* Fed. R. Civ. P. 15. The Court construes Doc. 53 as a response rather than a pleading.

### **Background**

      Plaintiff Anthony James Cokley is a prisoner of the Florida Department of Corrections (FDOC). He sues eight officers at Charlotte Correctional Institution—three identified as John Does—for excessive force. He also sues FDOC secretary Ricky Dixon and Charlotte C.I. warden Derek Snider for their

role in hiring and training the officers and operating the department and institution. All defendants move to dismiss Cokley's official-capacity claims for monetary damages. Dixon and Snider also move for dismissal of the individual-capacity claims against them. The Court recounts the factual background as pled in Cokley's Complaint, which it must take as true to decide whether the Complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

On April 26, 2021, Cokley's dorm sergeant ordered him to submit to hand restraints. Cokley refused. A cell extraction team entered Cokley's cell with shields and riot gear. Cokley did not resist the team, but John Does 1 and 2 repeatedly punched him in the face and head. After the beating, the team put Cokley in hand and leg restraints and locked him in a shower. A few minutes later, John Doe 3 sprayed Cokley with chemical agents. Cokley was escorted to the nurse's station, then to a new cell.

While Cokley was sitting quietly in his cell, Defendant Jacob Marshall told an inmate in a neighboring cell to make noise by banging on his door and bunk. The inmate complied. Marshall and Defendant Gary Hirschy told Cokley to cease his disorderly actions. Cokley explained that he was sitting quietly. Moments later, Marshall sprayed Cokley with chemical agents through the food slot in his cell door. Cokley was taken to the nurse's station, given a shower, and placed on property restriction for three days.

## Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Cokley files his Complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In

3

addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Cokley is representing himself in this action. Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim. *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

## Discussion

The defendants raise two arguments in their motions to dismiss. First, they seek dismissal of Cokley's official-capacity claims for monetary damages under the Eleventh Amendment. Cokley has not opposed dismissal of these claims. Second, Snider and Dixon argue Cokley fails to state a claim against them. Cokley briefly addresses this argument in his construed response.

**A. Eleventh Amendment Immunity**

The defendants argue Eleventh Amendment immunity bars Allen from suing them in their official capacities. The Eleventh Amendment states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.

4

Const. amend. XI.  Absent an abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court. *See Edelman v. Jordan,* 415 U.S. 651, 662 (1974).

"When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Edelman,* 415 U.S. at 663.  "Thus, the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Id.* Congress has not abrogated Florida's immunity and Florida has not waived its Eleventh Amendment immunity.  *See Carr v. City of Florence,* 916 F.2d 1521, 1525 (11th Cir. 1990).  Consequently, Cokley cannot sue the defendants for monetary damages in their capacity as state officials, and the Court will dismiss those claims.

### B. Snider and Dixon

Cokley seeks to hold Snider and Dixon liable because of their responsibility for hiring and training officers and operating the FDOC and Charlotte C.I.  It is well established in the Eleventh Circuit "that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Myrick*

*v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1297 (11th Cir. 2023) (internal quotation marks and citation omitted). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.*

A plaintiff can establish the necessary causal connection by showing: (1) a supervisor failed to correct an alleged deprivation despite notice of a history of widespread abuse; (2) "a supervisor's custom or policy results in deliberate indifference to constitutional rights[;]" or (3) the supervisor directed subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them. *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1048 (11th Cir. 2014).

Cokley's allegations against Dixon and Snider are conclusory, and they do not establish causation between either defendants' actions and the force used on Cokley. In Cokley's construed response, he points to a single instance of a prison guard being charged with battery in June 2021. Even if Cokley included this allegation in his Complaint or a properly filed amendment, it would not be enough. First, a single incident does not demonstrate a widespread history of abuse that could put Snider and Dixon on notice of a need to correct a problem. Second, the charges were filed after the use of force on Cokley, so any action it could have prompted would not have prevented the

incident at issue.  The Court will dismiss Cokley's claims against Dixon and Snider.

Accordingly, it is now

**ORDERED:**

Defendants' motions to dismiss (Docs. 44, 47, and 54) are **GRANTED**.

1. Cokley's claims against Snider and Dixon are **DISMISSED without prejudice**.  The Clerk is **DIRECTED** to terminate Snider and Dixon as parties to this case.

2. Cokley's claims for monetary damages against the defendants in their official capacity are **DISMISSED with prejudice**.

3. The remaining defendants must answer the Complaint within 14 days of this Order.

**DONE** and **ORDERED** in Fort Myers, Florida on October 24, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record