UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY JAMES COKLEY,

      Plaintiff,

v.                            Case No.:  2:23-cv-465-SPC-NPM

DEREK SNIDER *et al.*,

      Defendants.

_____/

## **OPINION AND ORDER**

Before the Court is defendants Derek Snider, Moses Frost, Zachary Ditoro, Oscar Estrada, Gary Hirschy, and Jacob Marshall's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 80).  Plaintiff Anthony James Cokley did not file a response.  The remaining defendants—Aaron Rolon, Jermaine Smart, Justin Grant, Robert Hollmeyer, and Jake Steider—have not yet been served, but some of the arguments raised by the other defendants apply equally to the claims against them.  The Court has a duty under 28 U.S.C. §§ 1915(e)(2) and 1915A to dismiss any portion of the complaint that fails to state a claim.  Accordingly, the Court has *sua sponte* reviewed the claims against Rolon, Smart, Grant, Hollmeyer, and Steider in light of the arguments raised in the motion.

## Background

Plaintiff Anthony James Cokley is a prisoner of the Florida Department of Corrections (FDOC). He sues eleven prison officials under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment. The Court already dismissed Cokley's official-capacity claims against all defendants. The Court recounts the factual background as pled in Cokley's Complaint, which it must take as true to decide whether the Complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

On April 26, 2021, a cell extraction team consisting of Estrada, Hollmeyer, Grant, and Steider entered Cokley's cell and knocked him to the floor. Cokley regained his footing and turned towards the team with his hands at his sides. The officers repeatedly punched Cokley in the head and face. Frost was the highest-ranking official present, and he did not intervene to stop the beating. Cokley accuses Ditoro and Smart of causing the incident, but he does not explain how.

After the beating, the cell extraction team put Cokley in hand and leg restraints and locked him in a shower. A few minutes later, Rolon and Hirschy sprayed Cokley with chemical agents. Cokley was taken to another shower for decontamination, escorted to the nurse's station for examination, then placed in a new cell.

While Cokley was sitting quietly in his cell, Marshall told an inmate in a neighboring cell to make noise by banging on his door and bunk. The inmate complied. Marshall and Hirschy told Cokley to cease his disorderly actions, then left. Hirschy approached the cell again, and Cokley begged him not to let Marshall spray him with gas. Hirschy said "okay" and left. Minutes later, Rolon and Hirschy sprayed Cokley with chemical agents through the food slot in his cell door. Cokley was given another shower and taken to a nurse, who documented some of Cokley's injuries. Warden Snider authorized the cell extraction and both uses of chemical agents.

Cokley suffered injuries from the uses of force, including bruises, swelling, abrasions, and burned skin. He also suffered psychological distress that required therapy and medication. He seeks a declaratory judgment and compensatory and punitive damages.

## Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct.  *See Iqbal*, 556 U.S. at 678.  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).  And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Cokley files his Complaint under 42 U.S.C. § 1983.  To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law.  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)).  In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Cokley is representing himself in this action.  Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find

a claim.  *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

## Discussion

The defendants first argue Cokley's Amended Complaint is a shotgun pleading.  The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a)(2).  The rules also require plaintiffs to set out their claims in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. Pro. 10(b).  "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"  *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).  The Eleventh Circuit Court of Appeals has identified four types:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which

> acts or omissions, or which of the defendants the claim is
> brought against.

*Id.* at 1321-23. The main problem with shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Cokley's Amended Complaint makes clear factual allegations against each specific defendant. But, paragraphs 24-26 put the Amended Complaint in the fourth category of shotgun pleadings. Cokley asserts each of his three counts—deliberate indifference, excessive force, and failure to intervene—against all defendants. The factual allegations clearly do not support some of the individual claims.

While Cokley's Amended Complaint technically is a shotgun pleading, the Court will not order Cokley to amend again. The defendants have moved to dismiss the claims that are unsupported by the factual allegations. The Court will dismiss those claims for the reasons stated below. And because the factual allegations are specific and clear, the defendants should have no trouble understanding and answering the surviving claims.

The defendants argue Cokley fails to state a failure-to-intervene claim against Marshall, Ditoro, Hirschy, or Snider. The Court agrees. An officer in position to protect a victim from excessive force who fails to do so can be held liable. *Baker v. Cty. of Madison, Ala.*, 67 F.4th 1268, 1281 (11th Cir. 2023).

Cokley does not allege that Marshall, Ditoro, Snider, or Smart were present during any use of force. Hirschy was present for the two uses of pepper spray, but he participated. Thus, any liability against Hirschy would flow from the excessive-force count. The same is true for the cell extraction team that beat Cokley—Estrada, Hollmeyer, Grant, and Steider—and Rolon, who participated the use of pepper spray. The Court will dismiss the failure-to-intervene claims against Marshall, Ditoro, Hirschy, Snider, Smart, Estrada, Hollmeyer, Grant, Steider, and Rolon.

The defendants next argue Cokley failed to state an excessive-force claim against Marshall or Ditoro because they did not participate in a use of force. The Court agrees. Cokley does not accuse Marshall or Ditoro of participating in the beating or either use of pepper spray. The same is true for Smart. A prisoner asserting an excessive force claim must establish two elements: "the official must have both 'acted with a sufficiently culpable state of mind' (the subjective element), and the conduct must have been 'objectively harmful enough to establish a constitutional violation.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Because Cokley does not allege Marshall, Ditoro, or Smart participated in a use of force, he fails to establish either element against them. The Court will dismiss Cokley's excessive-force claims against Marshall, Ditoro, and Smart.

Finally, the defendants argue Cokley fails to state a claim for deliberate indifference against any defendant. "To establish a § 1983 claim for deliberate indifference, a plaintiff must show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (internal quotation marks and citation omitted). Cokley asserts the defendants'

> actions in using physical force, by beating plaintiff with closed fist, administering chemical agents against plaintiff without need or provocation or authorizing such force or instigating or in failing to intervene to prevent the misuse of force while standing idly by were done maliciously, sadistically with deliberate indifference, to cause harm rather than as a part of a good faith effort to maintain or restore discipline, and causing injury to plaintiff.

(Doc. 75 at 12). This count is duplicative of Cokley's claims for excessive force and failure to intervene. The Amended Complaint does not make any factual allegations that could give rise to a deliberate-indifference claim that is distinct from his other two claims. Because Cokley's deliberate-indifference count is duplicative of his other theories of liability, the Court will dismiss it. *See Manning v. Carnival Corp.*, No. 12-cv-22258, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012).

Accordingly, it is now

**ORDERED:**

Defendants' motion to dismiss (Doc. 80) is **GRANTED in part and DENIED in part**.

1. Cokley's deliberate indifference count is **DISMISSED**.

2. Cokley's failure-to-intervene claims against Marshall, Ditoro, Hirschy, Snider, Smart, Estrada, Hollmeyer, Grant, Steider, and Rolon are **DISMISSED**.

3. Cokley's excessive-force claims against Marshall, Ditoro, and Smart are **DISMISSED**.

4. The Clerk is **DIRECTED** to terminate Marshall, Ditoro, and Smart as parties to this case.

5. Snider, Frost, Estrada, and Hirschy must answer the Amended Complaint within 14 days of this Order.

**DONE** and **ORDERED** in Fort Myers, Florida on May 7, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record